UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SHELTON,<br><br>            Plaintiff,<br><br>     v.<br><br>WAYFAIR LLC; DANNY DOE; FRANK DOE; JOE DOE; and DOES 1 to 100, inclusive,<br><br>            Defendants. | No. 2:24-cv-01541-TLN-JDP<br><br>**ORDER** |

   This matter is before the Court on Plaintiff George Shelton's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendant Wayfair LLC ("Wayfair"), Danny Payne ("Payne"), and Joe Giguere ("Giguere") (collectively, "Defendants") filed an opposition. (ECF No. 8.) Plaintiff filed a reply. (ECF No. 14.) For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a 47-year-old Black male, began working for Wayfair as a Material Handler sometime in October 2021. (ECF No. 4 at 10.) Plaintiff alleges he was an exemplary employee evidenced by the fact that he had never been written up or counseled with respect to his performance. (*Id.* at 10–11.) Plaintiff is diabetic and as a result developed neuropathy. (*Id.* at 11.) Plaintiff alleges that in February 2022, Plaintiff's neuropathy caused him "extreme chest and arm pain." (*Id.*) After consulting a doctor, Plaintiff presented Payne, his supervisor, with a doctor's note that required a light duty work restriction as a temporary alleviation until a formal diagnosis and treatment plan could be implemented. (*Id.*) Payne subsequently informed Plaintiff that there were no light duty assignments available at the time. (*Id.*) Plaintiff alleges he later learned, however, that other co-workers of Latino or Asian descent were granted light duty work around the same time without presenting a doctor's note. (*Id.*) Due to the apparent lack of light duty assignments available, Plaintiff took a medical leave of absence. (*Id.*)

Upon Plaintiff's return to Wayfair, Plaintiff alleges some employees, particularly Payne, treated him "differently." (*Id.*) Specifically, approximately one week after returning, Plaintiff alleges Payne "sternly" asked Plaintiff why he had not completed a task in one night. (*Id.*)

In May 2022, Plaintiff's wife was diagnosed with Graves' disease. (*Id.*) Plaintiff alleges he informed Payne, as well as Wayfair's Human Resources ("HR"), of his wife's diagnosis and requested a shift change so he could assist his wife. (*Id.* at 12.) HR denied Plaintiff's request on the basis that Plaintiff required perfect attendance points for a shift change. (*Id.*) Plaintiff alleges other employees who had imperfect attendance were allowed to change shifts. (*Id.*)

On or around June 19, 2022, Plaintiff alleges he was speaking to his fellow employees about safety concerns when an Inventory Control Lead screamed at Plaintiff, "[i]f you don't like the motherfucking job then go find some other fucking place to work." (*Id.*) Plaintiff reported the incident to Frank "Doe," who allegedly told Plaintiff and his co-workers to "watch their backs." (*Id.*)

On or around June 21, 2022, Plaintiff alleges Giguere, the Operations Manager at Wayfair, approached Plaintiff and questioned whether Plaintiff was responsible for a one-star

2

1  Google review the company received.  (*Id.* at 13.)  Plaintiff alleges he told Giguere he did not
2  personally submit the review.  (*Id.*)
3        On June 22, 2022, Payne informed Plaintiff he was in violation of the company cell phone
4  policy.  (*Id.*)  Plaintiff alleges he never heard management complain about the use of his cell
5  phone.  (*Id.*)  Shortly thereafter, Payne told Plaintiff that his position was terminated.  (*Id.*)
6        On April 16, 2024, Plaintiff filed the operative Complaint against Wayfair, Payne,
7  Giguere, and Frank "Doe" ("Frank") [1] in San Joaquin County Superior Court, alleging: (1)
8  discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) hostile work
9  environment harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to
10  accommodate disability in violation of FEHA; (5) failure to engage in the interactive process in
11  violation of FEHA; (6) failure to prevent discrimination, harassment, and retaliation in violation
12  of FEHA; (7) negligent hiring, supervision, and retention; (8) wrongful termination of
13  employment in violation of public policy; (9) violation of Labor Code § 1102.5; (10) violation of
14  Labor Code § 232.5; and (11) intentional infliction of emotional distress ("IIED").  (ECF No. 1-1
15  at 5–29.)  Plaintiff's first, second, and eleventh causes of action are alleged against all
16  Defendants, while the remaining eight causes of action are alleged against Wayfair.  (*Id.*)
17        On May 31, 2024, Defendants removed the action to this Court based on diversity
18  jurisdiction.  (ECF No. 1.)  On June 28, 2024, Plaintiff filed the instant motion to remand.  (ECF
19  No. 4.)

20  **II.**     **STANDARD OF LAW**

21      A civil action brought in state court, over which the district court has original jurisdiction,
22  may be removed by the defendant to federal court in the judicial district and division in which the
23  state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction

---

[1] In the Notice of Removal, Defendants argue the Court should disregard the citizenship of Frank because Plaintiff sued him under a fictitious name, Frank "Doe."  (ECF No. 1 at 11.)  Defendants' argument is brief, and Plaintiff fails to address the argument in his motion or in reply.  However, because Frank's residence is immaterial to the Court's ultimate conclusion, the Court does not consider whether his residence should be disregarded or make any findings with respect to said residence.

3

1  over civil actions between citizens of different states in which the alleged damages exceed
2  $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of
3  proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest*
4  *Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Diversity is determined as of the time the complaint
5  is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131
6  (9th Cir. 2002).  Removal statutes are to be strictly construed against removal.  *Gaus v. Miles,*
7  *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

8        The amount in controversy is determined by reference to the complaint itself and includes
9  the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.
10 *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not
11 pray for damages in a specific amount, the defendant must prove by a preponderance of the
12 evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins.*
13 *Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
14 398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court
15 may "require parties to submit summary-judgment-type evidence relevant to the amount in
16 controversy at the time of removal."  *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,
17 1335–36 (5th Cir. 1995)).

18       Removal based on diversity requires that the citizenship of each plaintiff be diverse from
19 the citizenship of each defendant (i.e., complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61,
20 68 (1996).  For purposes of diversity, a limited liability company ("LLC") is a citizen of every
21 state in which its "owners/members" are citizens.  *Johnson v. Columbia Prop. Anchorage, LP*,
22 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships,
23 which have the citizenships of all of their members).  A corporation is a citizen of any state in
24 which it is incorporated and any state in which it maintains its principal place of business.  28
25 U.S.C. § 1332(c)(1).  An individual defendant's citizenship is determined by the state in which
26 they are domiciled.  *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).
27 //
28 //

### III. ANALYSIS

Plaintiff argues this action should be remanded to state court because: (1) Defendants have failed to demonstrate complete diversity between the parties at the time of removal; and (2) Defendants cannot establish Payne, Giguere, and Frank were fraudulently joined because Plaintiff can sufficiently allege a harassment claim and an IIED claim against them.[2] (ECF No. 4 at 14–22.) With respect to the harassment claim, Plaintiff argues the alleged harassment and threats from Payne and Giguere are actions outside the scope of legitimate managerial actions. (*Id.* at 11.) Finally, Plaintiff further argues his allegations demonstrate Payne and Giguere's actions were severe and pervasive. (*Id.*)

In opposition, Defendants argue complete diversity exists because Plaintiff is a resident of California, Wayfair is a citizen of Massachusetts, and Payne and Giguere were fraudulently joined because Plaintiff's only claims against them — harassment under FEHA, discrimination under FEHA and IIED — fail as a matter of law. (ECF No. 8 at 5, 7–12.) With respect to the harassment claim, Defendants argue that even if Plaintiff characterizes the allegations as harassment, there is no personal liability for conduct that constitutes personnel management actions. (*Id.*) Defendants further contend the alleged actions by Payne and Giguere do not constitute a hostile work environment because they are not severe or pervasive conduct. (*Id.* at 9–10.)

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts[;] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

---

[2] Plaintiff also argues Defendants failed to establish Plaintiff cannot amend his Complaint to recover against Payne, Giguere, and Frank, and Defendants have not met their burden of establishing the amount in controversy is sufficient for removal. (*Id.* at 23-25.) However, because the Court finds that joinder of Payne and Giguere was proper because Plaintiff sufficiently alleges a harassment claim against them, the Court declines to consider these arguments. Additionally, the Court does not and need not address whether Plaintiff's IIED claim fails as a matter of law. *See Nasrawi v. Buck Consultants, LLC.*, 713 F.Supp.2d 1080, 1084 (2010) (holding a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge.)

1  "Fraudulent joinder is established the second way if a defendant shows that an 'individual[]
2  joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*,
3  139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a possibility that a state court would find
4  that the complaint states a cause of action against any of the resident defendants, the federal court
5  must find that the joinder was proper and remand the case to the state court.'" *Id.* (emphasis
6  omitted) (quoting *Hunter*, 582 F.3d at 1046). "A defendant invoking federal court diversity
7  jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general
8  presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046). To
9  determine whether a non-diverse defendant is a sham defendant, "all disputed questions of fact
10 and all ambiguities in the controlling state law are resolved in the plaintiff's favor[.]" *Nasrawi*,
11 713 F. Supp. 2d at 1084. Upon this assumption, "[i]f there is a non-fanciful possibility that
12 plaintiff can state a claim under California law against the non-diverse defendants the court must
13 remand." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

14      As to Defendants' first argument, the Court finds that while Defendants are correct that
15 adverse official employment actions do not necessarily constitute harassment, such actions are not
16 *per se* shielded from harassment claims. *Reno*, 18 Cal. 4th at 646–47. The California Supreme
17 Court has expressly recognized "in some cases the hostile message that constitutes the harassment
18 is conveyed through official employment actions," and thus, such evidence "can form the basis of
19 a harassment claim." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009), *as modified* (Feb.
20 10, 2010); *accord Landucci v. State Farm Ins. Co.*, 65 F.Supp.3d 694, 705–06 (N.D. Cal. 2014).
21 Consequently, Defendants fail to persuade the Court that Payne and Giguere cannot be held
22 personally liable for their actions.

23      As to Defendants' second argument, the Court's task on the present motion is not to
24 evaluate whether Payne or Giguere's actions were sufficiently severe or pervasive enough for
25 Plaintiff to prevail on his claim. *See Meyers v. Trendwest Resorts, Inc.*, 148 Cal. App. 4th 1403,
26 1427-28 (2007). Rather, it is to determine whether Plaintiff has so obviously failed to state a
27 claim under California law that his joinder of Payne and Giguere is fraudulent for purposes of
28 jurisdiction. *See Hunter*, 582 F.3d at 1043. Essentially, the Court's job is not to determine if

6

1   Plaintiff will actually — or even probably — prevail on the merits of his case; rather, the Court
2   must evaluate whether there is any possibility that he will do so.  *See Grancare*, 889 F.3d at 548.
3          The Court finds Defendants have not established that there is no possibility Plaintiff could
4   show Payne and Giguere's actions towards him had the effect of communicating a hostile
5   message or hostile work environment based on a protected class.  Throughout Plaintiff's
6   Complaint lies an undertone of racial and disability discrimination and harassment.  (*See*
7   *generally* ECF No. 41-1 at 5–21.)  For example, when Plaintiff — who is Black — submitted his
8   request for light duty work along with a doctor's note confirming his disability to Payne, he was
9   denied.  (*Id*. at 12–13.)  However, Plaintiff alleges his fellow co-workers' requests — which the
10  Complaint notes are "either Latinos or of Asian descent" — were granted "easily" without a
11  doctor's note.  (*Id*.)  When Plaintiff requested a shift change to aid his ailing wife, his Lead
12  Supervisor and Wayfair's HR representative — who the Complaint notes are Latino — denied his
13  request, citing Plaintiff's imperfect attendance.  (*Id*. at 13–14.)  Yet, Plaintiff alleges other
14  employees who had imperfect attendance were allowed to change shifts.  (*Id*.)  Again, "[a] single
15  incident of harassing conduct is sufficient to create a triable issue regarding the existence of a
16  hostile work environment if the harassing conduct…created an intimidating, hostile, or offensive
17  working environment."  Cal. Gov't Code § 12923(b).  Any of these alleged actions could be
18  found by a trier of fact to have created a hostile message or work environment that constitute
19  harassment in violation of the FEHA.  Therefore, the Court finds there is a possibility a state court
20  would find the Plaintiff's Complaint states a cause of action of harassment against Payne and
21  Giguere.
22         For these reasons, the Court finds that Defendants have not satisfied their burden to show
23  Plaintiff obviously failed to state a harassment claim against Payne and Giguere.  Accordingly,
24  Plaintiff's motion is GRANTED.
25  //
26  //
27  //
28  //

**IV.     CONCLUSION**

Based on the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. (ECF No. 4.) This case is hereby REMANDED to the San Joaquin County Superior Court, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Date: February 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE